UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY T. COLLYMORE, | : | |
| Plaintiff, | : | No. 3:20-cv-1845 (KAD) |
| | : | |
| v. | : | |
| | : | |
| D.O.C., et al., | : | |
| Defendants. | : | |
| | : | |

**INITIAL REVIEW ORDER**

Plaintiff, Anthony T. Collymore ("Collymore"), currently confined at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, filed this civil rights complaint *pro se* pursuant to 42 U.S.C. § 1983 against six named defendants: the Department of Correction, the Commissioner of the Department of Correction, District Administrator Jane Doe, Warden Robert Martin, Lieutenant John Doe, and Officer John Doe #2. Collymore asserts Eighth Amendment claims for unconstitutional conditions of confinement. He seeks damages and injunctive relief. The complaint was received on December 14, 2020. Collymore's motion to proceed *in forma pauperis* was granted on December 21, 2020.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v.*

*Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

Collymore has been confined at Corrigan-Radgowski Correctional Center ("Corrigan") for about a year. Doc. No. 1 ¶ 1. On at least ten occasions, the water in Collymore's cell has been brown or discolored. *Id.* Collymore believes that the water was contaminated on these occasions. *Id.* His requests to staff for clean water were denied. *Id.*

Usually, Collymore had to wait twelve hours for the water to become clear. *Id.* ¶ 2. On several occasions, he waited twenty-four hours. *Id.* Numerous correctional officials told Collymore that, even when discolored, the water was safe to drink. *Id.* ¶ 3. Collymore drank discolored water one time and became sick. *Id.* Since that time, he has refused to drink discolored water. *Id.* ¶ 4. Correctional officials refuse to provide him clear drinking water. *Id.* ¶ 5.

On August 4, 2020, Collymore woke to find the water discolored. *Id.* ¶ 6. He asked various correctional officers for clean water but was told there was nothing they could do. *Id.* ¶¶ 6-7. However, these same officers were permitted to bring gallons of drinking water into the facility for their own use and leave them in view. *Id.* ¶ 7. That evening, Collymore spoke to

defendant Lieutenant Doe and was told there was no water to give him. *Id.* ¶¶ 8-9. Later that evening, however, a large brown container of water was brought to the unit for medication line and inmates were permitted to take cups of water when they received their medications. *Id.* ¶¶ 9-10. Collymore asked defendant Officer Doe for a cup of clean water to take his on-person medication but was denied. *Id.* ¶ 10.

A few days later, Collymore spoke to Warden Martin while the warden was touring the unit. *Id.* ¶ 12. Warden Martin said he could have water brought in only if the water in the cells was discolored for longer periods of time. *Id.* Warden Martin said he would not personally drink the discolored water and was not recommending that Collymore drink it. *Id.*

Collymore has hypertension and must take daily medication and drink water. *Id.* ¶ 13. He cannot get the required water intake when the cell water is discolored. *Id.*

**Discussion**

Collymore asserts that the defendants have denied him clear drinking water in deliberate indifference to his right to sanitary conditions of confinement in violation of his rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. Department of Correction records show that Collymore was sentenced on May 16, 2013. *See* ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=336848. As a sentenced prisoner, his conditions of confinement claim is cognizable under the Eighth Amendment, not under the Due Process Clause of the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference claims of sentenced inmates are considered under the Eighth Amendment while claims of pretrial detainees are considered under the Fourteenth Amendment). Thus, the court will consider Collymore's claim under the Eighth Amendment. Any Fourteenth

Amendment claim is dismissed.

**Conditions of Confinement**

To state an Eighth Amendment claim for unconstitutional conditions of confinement, Collymore must allege facts supporting an objective element—that "the deprivation was sufficiently serious that he was denied the minimal civilized levels of life's necessities"—and a subjective element—that the defendant "acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (summary order) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted)). To satisfy the subjective component of the deliberate indifference test, Collymore must allege that the defendants knew that he faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Phelps v. Kapnolas*, 308 F.3d 180, 185-86 (2d Cir. 2002) (defendant must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed] and … dr[e]w that inference"). Negligent conduct does not meet this standard. *Farmer*, 511 U.S. at 835.

Under the objective component, there is no "bright line test" to determine whether a risk of serious harm is "substantial" for Eighth Amendment purposes. *Lewis v. Siwicki*, 944 F.3d 427, 432 (2d Cir. 2019). The court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *i.e.*, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original).

Water suitable for drinking and bathing is considered one of "life's necessities" required under the Eighth Amendment. *See Bellezza v. Fischer*, No. 05 Civ. 98(DLC), 2006 WL 3019760, at *4 (S.D.N.Y. Oct. 24, 2006) (citing *LaBounty v. Coughlin*, 137 F.3d 68, 72 (2d Cir. 1998) (reversing grant of summary judgment where prisoner not provided sufficient discovery on drinking water claim)); *see also Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("We would think that a prison inmate also could successfully complain about demonstrably unsafe drinking water without waiting for an attack of dysentery." (dicta)).

However, a prisoner's right to drinking water is not unfettered or absolute. "Where a prisoner alleges that he or she was denied drinking water in his or her cell, the resolution of the claim hinges on whether the prisoner received fluids at other times or suffered any adverse effects." *DeBlasio v. Rock*, No. 9:09-CV-1077(TJM/GHL), 2011 WL 4478515, at *1 (N.D.N.Y. Sept. 26, 2011) (citing *Johnson v. Commissioner of Corr. Servs.*, 669 F. Supp. 1071, 1074 (S.D.N.Y. 1988) (prisoner confined in cell with inoperable sink for one week did not state Eighth Amendment claim because he was provided drinks with meals)); *McGee v. Pallito*, No. 1:10-CV-11, 2011 WL 6391954, at *13 (D. Vt. Aug. 3, 2011) ("temporary deprivations of drinking water are not unconstitutional"), *report and recommendation adopted*, 2011 WL 6294202 (D. Vt. Dec. 15, 2011); *Beckford v. Portuondo*, 151 F. Supp. 2d 204, 211 (N.D.N.Y. 2001) ("Nowhere has it been held that prisoners are entitled to complete and unfettered access to water or showers.").

Collymore alleges that he experienced discolored water at least ten times over the course of approximately one year, most episodes lasting about twelve hours with a few lasting twenty-four hours. He was told that the discoloration did not affect the potability of the water but

5

Collymore drank the water one time and became sick. Thus, for purposes of initial review only, the court will assume that Collymore was denied drinking water during the specified times.

However, the instances Collymore describes were temporary and he does not describe any ill effects from these denials. Although Collymore alleges that he needed clear water to take his medication, he does not allege that he was not provided fluids with his meals or that he was unable to take his medication at mealtimes. Thus, the allegations reveal only sporadic and temporary denials of clear drinking water which is insufficient to meet the objective component of the Eighth Amendment conditions of confinement claim.

Further, Collymore alleges that correctional officials told him that the discolored water was safe to drink, and Warden Martin told him that the situation could be addressed only if the problem persisted for a long period of time. These allegations undermine any inference that the defendants knew that Collymore faced a substantial risk to his health from the temporary discolorations as required to establish the *mens rea* requirement of a deliberate indifference claim.

Accordingly, Collymore fails to plausibly allege an Eighth Amendment conditions of confinement claim and the claim is dismissed without prejudice. Collymore may file an amended complaint, as permitted below, if he can allege facts which address these deficiencies.

**Department of Correction**

Collymore names the Department of Correction as a defendant. As a state agency, the Department of Correction is not a person subject to suit under section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state agencies cannot be sued under section 1983); *Bhatia v. Connecticut Dep't of Children & Families*, 317 F. App'x 51, 52 (2d Cir.

2009) (same).  All claims against the Department of Correction are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Commissioner of Correction**

Collymore names the Commissioner of the Department of Correction as a defendant but does not include any allegations regarding any conduct on the part of the Commissioner. It appears, therefore, that Collymore named the Commissioner solely because of his position as the Commissioner.  The Second Circuit has recently clarified that in bringing claims against supervisory personnel, the plaintiff must "plead and prove 'that each Government-official defendant, **through the official's own individual actions,** has violated the Constitution.'" *Tangreti v. Bachman*, ___ F.3d ___, 2020 WL 7687688, at *6 (2d Cir. Dec. 28, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009))(Emphasis added).  Thus, Collymore must allege facts which demonstrate that the Commissioner was personally aware of, and deliberately disregarded, a substantial risk to Collymore's health.  *See id.* He has not done so. The claim against the Commissioner is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**District Administrator**

Collymore also alleges that the District Administrator denied his grievance appeal. Inmates have no constitutional entitlement to grievance procedures, to receive a response to a grievance, or to have a grievance properly processed.  *See Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (claim relating to grievance procedures "confused a state-created procedural entitlement with a constitutional right"; "neither state policies not 'state statutes ... create federally protected due process entitlements to specific state-mandated procedures'") (quoting *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003)).  As Collymore has no constitutional

7

entitlement to file a grievance, any claim that he District Administrator failed to properly consider his grievance appeal is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Orders**

All claims against the Department of Correction, the Commissioner, and the District Administrator are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Eighth Amendment conditions of confinement claim is **DISMISSED** without prejudice. Collymore may file an amended complaint reasserting this claim if he can allege facts which address the deficiencies identified in this order. Any amended complaint shall name only Warden Martin, Lieutenant Doe and Officer Doe #2 (assuming Collymore has not been able to identify their correct names) as defendants and must be filed on or before **February 12, 2021.** If no amended complaint is filed within the time specified, the Clerk is directed to enter judgment and close this case on **February 15, 2021.**

**SO ORDERED** at Bridgeport, Connecticut, this 14th day of January 2021.

/s/
Kari A. Dooley
United States District Judge